# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**BONNIE WHITE,**

        Petitioner,

v.

**P. ADAMS, Warden,**

        Respondent.

**Civil No.: 5:21-CV-70**
Judge Bailey

## REPORT AND RECOMMENDATION

This case is before the undersigned for consideration of the *pro se* petitioner Bonnie White's ("the petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and respondent's Motion and Memorandum to Dismiss or, in the Alternative, for Summary Judgement. [Docs. 1, 12].

### I.  Procedural History

On May 10, 2021, the petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. 1]. On May 20, 2021, the petitioner was granted leave to proceed *in forma pauperis*. On May 20, 2021, the undersigned directed the respondent to file an answer to the allegations contained in the petition. [Doc. 9].

On June 24, 2021, the respondent answered with a Motion to Dismiss or, in the alternative, Motion for Summary Judgment with a Memorandum in Support and an exhibit. [Doc. 12]. A Roseboro Notice was issued to the petitioner by the undersigned on June 25, 2021, pursuant to Roseboro v. Garrison, 528 F. 2d 309, 310 (4th Cir. 1975),

instructing the petitioner of her right to file a response to the respondent's Motion and Memorandum. [Doc. 13]  The petitioner has failed to file response.

## II.     Facts

On November 2, 2007, the petitioner was one of five individuals named in one-count indictment charging that they conspired with each other to knowingly and intentionally manufacture 50 grams or more of methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. On September 5, 2008, the petitioner entered into a written plea agreement, the plea was accepted, and she was adjudged guilty of the charge contained in the indictment.  On February 11, 2009, the judgment was entered which sentenced  the petitioner to a total term of 113 months and 7 days of imprisonment to be followed by term of 5 years supervised release.

On May 12, 2016, the petitioner's period of supervised release began. On November 4, 2016, a  Petition for Warrant or Summons for Offender Under Supervision was filed indicating the probation officer's belief that the petitioner had violated standard conditions, 2, 3, 6 and 10.  The petitioner was subsequently arrested and waived formal hearing and stipulated to violation # 3, failure to answer truthfully inquiries by probation officer. On June 23, 2017 a judgment for revocation of supervised release was entered which sentenced the petitioner to a 13 month term of imprisonment with a five-year term of supervised release.

On July 19, 2018, the petitioner's new date of supervision commenced. On August 22, 2018, Petition for Warrant or Summons for Offender under Supervision was filed indicating that the petitioner had failed to serve six months placement at Dismas

Charities and also had obstructed the efficiency of substance abuse testing. On September 6, 2018, the petitioner waived a formal evidentiary hearing and stipulated to the violations, and judgment for revocation of supervised release was entered which sentenced her to 11 months imprisonment to be followed by 5 years of supervised release. On September 14, 2018, the judgment was amended to allow her to self-surrender for service of her sentence at the institution designated by the BOP before 2:00 p.m. on October 22, 2018.

On October 5, 2018, the petitioner was arrested pursuant to a warrant issued on October 2, 2018 for additional violations of supervised release. On October 12, 2018, the petitioner was sentenced to a 7 month term of imprisonment, with 5 years of supervised release to follow for violation of supervised release. The court ordered the 7 months term to be served consecutively to the 11 months imposed in September 2018 for a total term of 18 months.

On September 3, 2019, the petitioner was inadvertently released from the BOP custody because her September 6, 2018 and October 12, 2018 judgments were not aggregated to form a single term of 18 months. Instead, the BOP prepared a sentence computation based solely on the 11 month term imposed on September 6, 2018.

On September 19, 2019, a Petition for Warrant or Summons for Offender Under Supervision was filed which set forth the probation officer's belief that the petitioner had violated the following conditions of supervision: (1) Use of a controlled substance and (2) violation of federal, state, or local law. On October 8, 2019, the petitioner stipulated to the violations and on October 10, 2019, Judgment was entered which committed her

to the custody of the BOP to be imprisoned for a total term of 24 months with no supervision to follow.

### III.     The Pleadings

**A. The Petition**

The petitioner alleges that the BOP has unlawfully computed her sentence. More specifically, she notes that she was released from custody on September 3, 2019 from her supervised release violation sentence imposed on October 12, 2018. She then alleges that she is serving a 24 month sentence imposed on October 8, 2019, and her "max out" date should be September 20, 2021. However, her she alleges that her computations indicate a total term of 31 months, with a release date of April 14, 2022. For relief, she requests that her sentence computation be corrected as quickly as possible.

**B. Respondent's Motion and Memorandum**

The respondent notes that the BOP originally computed the petitioner's current 24 month sentence and previous 7 month sentence, as a single aggregate term of 31 months, beginning October 8, 2019, with jail credit from September 20, 2019 through October 7, 2019 and a five year term of supervised release to follow. Based on this calculation, the petitioner was scheduled to be released via good conduct on January 24, 2022.[1] However, after this petition was filed, the BOP updated the petitioner's sentence computation to reflect a single, aggregate term of 42 months[2], with one day of

---

[1] It is unclear why the petitioner believes that her projected release date was April 14, 2022. However, the undersigned notes that the computation performed on May 28, 2021, indicated a full term expiration date of April 19, 2022.

[2] Although not explained, it is clear that this is the aggregate of the current 24 months sentence for supervised release and the judgment of 11 months entered on September

jail credit for August 28, 2018 and no period of supervised release to follow. With this new calculation, the petitioner is currently scheduled to be released via good conduct time on November 20, 2021, not September 20, 2021 as alleged in the petition.

### IV.   Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a

---

6, 2018, and the 7 month judgment entered on October 8, 2018, all of which would run consecutively.

formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id.  Therefore, for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

**V.     Analysis**

Pursuant to 18 U.S.C. § 3581(a), as referenced in Program Statement 5880.28, a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to…the official detention facility at which the sentence is to be served." Furthermore, pursuant to 18 U.S.C. § 3584(c) and Program Statement 5880.28, [m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."   Finally, pursuant to 18 U.S.C.§ 3584(a), as referenced in Program Statement 5880.28, [m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently."

As outlined in Section II of this Report and Recommendation, the petitioner has been sentenced multiple times for violating the terms of her supervised release. Pertinent to this petition, are the sentences imposed on September 6, 2018 for 11

7

months and October 12, 2018 for 7 months to run consecutive to the 11 months. Because the BOP prepared a sentence computation solely for the 11 months, she was incorrectly released from custody on September 3, 2019, to begin a 5 year term of supervised release. When the petitioner was again sentenced on October 10, 2019 for violating conditions of supervised release and sentenced to a 24 month term of imprisonment, her sentences from 2018, had they been correctly aggregated, would not yet have expired. Therefore, the BOP aggregated the three sentences to form a single aggregate sentence of 42 months which was calculated as beginning on October 5, 2018 and running uninterrupted, with jail credit for August 28, 2018. Based on this corrected calculation conducted on June 24, 2021, the petitioner's **projected** release date, via god conduct time is now November 20, 2021, with no supervised release to follow.

## IV. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the respondent's "Motion to Dismiss or for Summary Judgment" **[ECF No. 12]** be **GRANTED**, and that the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen days after service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or

8

twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to her last known address as shown on the docket, and to counsel of record via electronic means. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: August 17, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE